UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
MOHAMMED KEITA,

        Plaintiff,

  -against-

DCFS USA LLC,

        Defendant.
--------------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 29 2017 ★
BROOKLYN OFFICE

MEMORANDUM & ORDER

17-cv-884

VITALIANO, D.J.

  On October 24, 2017, the Court dismissed *pro se* plaintiff Mohammed Keita's complaint for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(h)(3), without prejudice, and ordered the Clerk to close the case. Keita then filed an amended complaint on November 9, 2017. *In forma pauperis* status is granted for the purposes of this order, and, for the reasons that follow, Keita's amended complaint is dismissed.

## Background

  As a prefatory note, Keita is a frequent litigant in this district, having commenced at least 16 civil actions in this courthouse in recent years. The Court has dismissed *sua sponte* every suit that Keita filed prior to his most recent batch of filings.

  In his putative amended complaint, Keita attempts to demonstrate federal subject matter jurisdiction by invoking various federal statutory provisions, including the Federal Trade Commission Act, Federal Emission Law for Foreign Automobile, Federal Truth in Lending Disclosure Act, Federal Recall, and the Fair Credit Lending Act. He argues that his car was wrongfully repossessed "based on negative amortization." ECF Dkt. No. 9 at 1. He also argues that the "action of defendant caused me to loss [sic] my car[.]" *Id.* at 2.

## Discussion

1

Where, as here, a plaintiff is proceeding *in forma pauperis*, a district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Furthermore, when any federal court determines, at any time, that it lacks subject matter jurisdiction over a civil action, it must dismiss that action. Fed. R. Civ. P. 12(h)(3); *see Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 58 (2d Cir. 1997).

To the extent that Keita invokes jurisdiction or states any facts, he still appears to be re-litigating the Richmond County Civil Court action that resulted in a judgment reauthorizing the repossession of his automobile. As such, the *Rooker-Feldman* doctrine still applies to this case, divesting this Court of jurisdiction to entertain it. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 103, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine recognizes that Congress has not authorized district courts to sit as appellate courts, reviewing state court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (quotations omitted).

Under *Rooker-Feldman*, a federal district court lacks jurisdiction over a claim where: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). As a consequence, *Rooker-Feldman* applies to Keita's amended complaint, and the Court lacks subject-matter jurisdiction to hear his case. *See, e.g., Gray v. Americredit Fin. Servs., Inc.*, No. 07-cv-4039, 2009 WL 1787710, at *4 (S.D.N.Y. June 23, 2009) (plaintiff's complaint barred under *Rooker-Feldman*, where action sought to overturn state court order that repossessed his car).

## Conclusion

In line with the foregoing, plaintiff's amended complaint is dismissed without prejudice, for lack of subject matter jurisdiction, in accordance with Federal Rule of Civil Procedure 12(h)(3).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to maintain this case on the closed docket.

So Ordered.

Dated: Brooklyn, New York
December 26, 2017

/s/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO
United States District Judge

3